IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS E. MIÑANA-RODRÍGUEZ, Plaintiff, v. CITIGROUP GLOBAL MARKETS, et al., Defendants. | CIVIL NO.: 10-1978 (ADC) |

**OPINION AND ORDER**

On October 18, 2010, Luis E. Miñana ("plaintiff") filed a motion to disqualify Pietrantoni, Méndez and Alvarez LLP ("PMA") as counsel for defendants Citigroup Global Markets, Inc. ("Citigroup") and Smith Barney, Inc. ("Smith Barney") (together, "defendants") due to the firm's prior representation of plaintiff in a tax matter against the Puerto Rico Department of Treasury "for grievances stemming from the incorrect characterization of [plaintiff's] income as a financial consultant." (Docket No. 11, p. 5.) Defendants have filed an opposition. (Docket No. 21.)

Where a party raises a conflict of interest argument, "the relevant inquiry is whether the subject matter of the two representations is 'substantially related'; could the attorney have obtained confidential information in the first suit that would have been relevant to the second." Borges v. Our Lady of Sea Corp., 935 F.2d 436, 439-440 (1st Cir. 1991). Disqualifying a "party's chosen attorney is a serious matter which [may] not be supported by the mere possibility of a conflict." Reyes Canada v. Rey Hernández, 193 F. Supp. 2d 409, 411 (D.P.R. 2002) (citations omitted). Therefore, the moving party must allege "the type and nature of the confidences that were exchanged in the

1

prior litigation that should subsequently disqualify the attorney in the latter representation." Id. at 412.

At the outset, it is uncontested that PMA's representation of plaintiff concluded in 2006, approximately four years prior to the filing of the present complaint and roughly two years after the filing of the 2008 action. (Docket No. 11-1.) Furthermore, one of PMA's attorneys representing defendants in this action also represented defendants in the 2008 action without objection. (Docket No. 21, pp. 10-11.)

In his motion, plaintiff claims that PMA was "privy to private and confidential information regarding the [p]laintiff's income generated as an employee of the [d]efendants[.]" (Docket No. 11, p. 3.) However, the only specific materials plaintiff references are his "complete personnel file" and tax returns. (Docket No. 11, pp. 3-4.) As his employer, plaintiff's personnel file is presumably in defendants' possession, custody or control. As for his tax returns, plaintiff has failed to sufficiently allege how such materials have any bearing on the present suit for unjust dismissal. Plaintiff has therefore failed to meet his burden of demonstrating the "type and nature" of confidences exchanged during PMA's representation of plaintiff in the tax matter that could have any bearing on the present litigation. Reyes Canada, 193 F. Supp. 2d at 412; Estrada v. Cabrera, 632 F. Supp. 1174, 1177 (D.P.R. 1986) ("in the case of a former client the representation of a now adverse party is not *per se* improper without a showing by the former client that the matters in the pending suit are 'substantially related' to the matters in which the attorney previously represented the party.") (citations omitted).

In light of the above, plaintiff's motion to disqualify (Docket No. 11) is hereby DENIED. In an abundance of caution, it is also hereby ORDERED that to the extent such measures have not

been taken, PMA shall implement ethical walls prohibiting any attorney involved in the present litigation from 1) discussing any matters concerning PMA's representation of plaintiff in the tax matter with attorney(s) involved in said representation, and 2) accessing any materials in the firm's possession related to said representation.

In San Juan, Puerto Rico, this 3rd day of May, 2011.

s/Marcos E. López  
U.S. Magistrate Judge